UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs

GARRY JOSEPH

Case Number: 2:15-cr-93-FtM-38MRM

USM Number: 62889-018

Lee Hollander, CJA
Suite C-101
2681 Airport Rd S
Naples, FL 34112

## AMENDED JUDGMENT IN A CRIMINAL CASE[1]

The defendant pleaded guilty to Count One of the Superseding Indictment. Accordingly, the Court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Mail Fraud | February 1, 2015 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 543 US 220 (2005).

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

October 25, 2016

Date of Amended Judgment

February 10, 2017

_____
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

---

[1] This Judgment is amended pursuant Order (Doc. #) which accepted and adopted the parties' Stipulation regarding restitution. The restitution portion of this Judgment is amended to include the amount of restitution and payees as stipulated by the parties.

Garry Joseph
2:15-cr-93-FtM-38MRM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 months**.

**The Court makes the following recommendations as to incarceration:**

The Court recommends the defendant be housed in a facility close to home. (Miami, Florida)

The Court recommends to the Bureau of Prisons that the defendant participate in the Institution Hearing Program of the Federal Bureau of Prisons to determine his removal status while incarcerated.

**The defendant is remanded to the custody of the United States Marshal.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Garry Joseph
2:15-cr-93-FtM-38MRM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Garry Joseph
2:15-cr-93-FtM-38MRM

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall provide the probation officer access to any requested financial information.

2. If the defendant's removal status is not resolved while he is incarcerated, then pursuant to 18 U.S.C. §3583(d), the defendant is to be delivered, upon release from imprisonment, to a duly authorized immigration official to determine if deportation is appropriate. Should deportation be ordered, the defendant is to remain outside the United States, unless authorized by the Secretary for the Department of Homeland Security or the appropriate immigration authority.

3. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

4. The mandatory drug testing requirements of the Violent Crime Control Act are waived.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Garry Joseph
2:15-cr-93-FtM-38MRM

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $0 | $1,871,956.85 |

### JOINT and SEVERAL

The defendant shall make the following restitution (including community restitution) joint and several with Nesly Loute and Sijames Melus, to the payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims as follows.

| Payee | Amount |
|---|---|
| Allstate | $50,999.47 |
| Ascendant | $2,061.03 |
| Direct | $257,151.64 |
| Esurance | $15,721.70 |
| Fajua | $42,867.88 |
| Farmers Insurance | $56,197.41 |
| Foremost | $6,863.14 |
| Gainsco | $3,321.71 |
| Geico | $409,850.77 |
| Hartford | $9,698.76 |
| Horace Mann | $262,671.00 |
| Infinity Insurance | $76,279.25 |
| Liberty Mutual | $40,275.15 |
| Mercury | $71,346.84 |
| Ocean Harbor | $1,734.74 |
| Ocean Harbor | $14,194.10 |
| Peachtree | $40,573.67 |
| Progressive | $124,023.17 |
| Safeco | $23,683.56 |
| Sentry | $15,963.37 |
| Star | $17,239.58 |

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Garry Joseph
2:15-cr-93-FtM-38MRM

| State Farm Insurance | $117,792.04 |
|---|---|
| Travelers | $15,965.77 |
| Windhaven | $130,129.60 |
| **Total:** | **$1,806,605.35** |

### JOINT and SEVERAL

Further, the following restitution shall be paid jointly and severally with Nesly Loute, David Adamson, and Maria Lopez as follows:

| Automobile Insurance Company | Amount |
|---|---|
| Windhaven Insurance Company | $41,951.25 |
| Direct General Insurance Company | $15,509.00 |
| GEICO | $4,499.13 |
| Farmers Insurance | $3,392.12 |
| **TOTAL:** | **$65,351.50** |

Additional details regarding restitution were determined by the parties and a Stipulation (Doc. #73) has been filed with the Court. The court cancelled the restitution hearing scheduled for January 17, 2017 and an Order accepting and adopting the Stipulation was entered. The amount of restitution and the payees are noted above. See Doc. #

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Special Assessment in the amount of **$100.00** is due in full and immediately.

While in the custody of the Bureau of Prisons, you shall either (1) pay at least $25 quarterly if working non-Unicor or (2) pay at least 50 percent of your monthly earnings if working in a Unicor position. Upon release from custody, you are ordered to begin making payments of 10% of monthly income per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay.

The defendant is hereby ordered to begin payment immediately and continue to make payments to the best of his ability until this obligation is satisfied. While in custody, you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon release from custody, the defendant shall adhere to a payment schedule comprised of the balance of the unpaid restitution, as determined by the Probation Office.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**Garry Joseph**
**2:15-cr-93-FtM-38MRM**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Forfeiture Money Judgment (Doc. #57), that are subject to forfeiture including monies in the amount of $1,986,829.86.

The interest on the restitution amount is hereby **WAIVED**. All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case